UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT


In re:                                                    Case No. 07-64889-wsd

      Williams, Eric,                                     Chapter 7
      Williams, Jennette,
                                                          Hon. Walter Shapero
         Debtors.
_____/

K. JIN LIM, Trustee,

      Plaintiff,

v.                                                        Adv. Pro. No. 08-4698

JP MORGAN CHASE BANK, N.A.,

      Defendant.
_____/

## OPINION REGARDING DEFENDANT'S LEGAL ARGUMENT

      This matter came before the Court upon Plaintiff's Motion for Summary
Judgment. (Docket No. 25). After a hearing, the Court denied the motion because of an
outstanding factual issue - the date the mortgage at issue was filed in proper recordable
form with the Wayne County Register of Deeds. The Court informed the parties that it
would issue this opinion to address certain legal arguments set forth in Defendant's
Response to the Summary Judgment Motion. (Docket No. 26).

## I.

      On December 13, 2001, Debtors purchased real property located at 8069
Beaverland, Detroit, Michigan 48239. To facilitate this purchase, the Debtors received
financing from Flagstar Bank, granting a purchase money mortgage in the property which
was promptly recorded. The mortgage was later assigned to Chase Mortgage Company
and recorded. On September 21, 2007, the Debtors refinanced the loan with JP Morgan
Chase ("JPMC") and granted JPMC a mortgage. There is an outstanding factual issue as

1

to when this mortgage was recorded. The face of the mortgage document has a crossed out stamp indicating receipt by the Wayne County Register of Deeds on October 10, 2007; however, it is also stamped with a January 14, 2008 receipt date which is not crossed out. (Docket No. 26, Exhibit B).

The Debtors filed a voluntary chapter 7 petition on December 6, 2007. Plaintiff was appointed Trustee and initiated this adversary proceeding seeking to avoid JPMC's mortgage. Accordingly, whether the mortgage was filed on October 10, 2007 or not until January 14, 2008 becomes an important issue.

## II.

JPMC argues that its mortgage may not be avoided by the Trustee under 11 U.S.C. § 544(a)(3) because both § 546(b)(1) and *Fidelity Financial Services, Inc. v. Fink (In re Beasley)*, 522 U.S. 211 (1998), require the Court to apply state law concerning "relation back" of mortgages. JPMC then argues that M.C.L. § 600.2807 provides that purchase money mortgages "relate back" to the time of the purchaser's deed, therefore, eliminating the Trustee's avoidance powers. Finally, JPMC argues that the "purchase money mortgage doctrine" is still viable in Michigan and gives JPMC priority in this case regardless of the perfection date. (Docket No. 26).

## III.

The Trustee can avoid a mortgage under her § 544(a)(3) strong-arm powers only if the mortgage would be voidable by a bona fide purchaser of real property. Therefore, the date that JPMC's mortgage was perfected is an important fact in determining the Plaintiff's avoidance rights, if any. Michigan has a Race-Notice Statute, under which, a subsequent purchaser is protected against prior unrecorded instruments if that purchaser is without notice of the prior instrument and records before the prior instrument is recorded. M.C.L. § 565.29. Because the Plaintiff, under § 544(a)(3) assumes the position of a bona fide purchaser for value whose interest is perfected as of the petition date, JPMC's mortgage can be avoided if it was not perfected prior to December 6, 2007.

JPMC argues, however, that even if the January 14, 2008 date is found to be the date of perfection, the Trustee still lacks the power to avoid the mortgage because, according to JPMC, under Michigan law the perfection date relates back to the purchaser's deed, December 13, 2001. Unfortunately, JPMC fails to direct the Court's attention to any authority supporting this proposition.

As part of its "relation back" argument, JPMC points to M.C.L. § 600.2807, which provides, in relevant part:

> (2) With the following exceptions, a judgment lien has priority over a lien recorded with the register of deeds after the notice of judgment lien is recorded:
>
> (a) A purchase money mortgage.

JPMC posits that pursuant to this statute, a purchase money mortgage relates back to the time a mortgagor acquires its deed. It is difficult to comprehend how JPMC reaches this conclusion as the statute expressly deals with an exception to priority of a judgment lien, and says nothing about a purchase money mortgage relating back to the time a mortgagor acquires its deed. Nonetheless, even if JPMC were correct in its construction of the statute, the statute would not be relevant here because the Plaintiff does not stand in the shoes of a judgment creditor – she stands in the shoes of a *bona fide purchaser for value* whose interest is perfected on the petition date.

JPMC also cites *Graves v. American Acceptance Mortgage Corporation (Graves I)*, 630 N.W. 2d 383 (Mich. App. 2001), *rec'd, (Graves II),* 652 N.W. 2d 221 (Mich. 2002), *order vacated, (Graves III),* 658 N.W. 2d 482 (Mich. 2003), to argue that a purchase money mortgage maintains priority over any other prior interest regardless of whether or not such prior interest was recorded. (Docket No. 26). The viability of this "purchase money mortgage doctrine" is questionable and *Graves I* was reversed by the Michigan Supreme Court which found that the bank in that case didn't have a purchase money mortgage when it refinanced an earlier land contract. Regardless, even if the doctrine does continue,[1] it would be inapplicable here because JPMC's mortgage was

---

[1] The Court in *Qassis v. Republic Bank (In re Luna Pier Land Dev., LLC)*, 325 B.R. 735, 738 (Bankr. E.D. Mich. 2005), noted that "there may be a question regarding the viability of the purchase money mortgage doctrine in Michigan."

granted prior to Plaintiff acquiring her status as a bona fide purchaser for value perfected as of the petition date. As *Graves I* explained in describing the doctrine:

> although the purchase money mortgage ***must be recorded*** in order to protect the mortgagee against ***subsequent interests*** that arise through the purchaser-mortgagor, such recording is unnecessary to protect against claims against mortgagor that antedate the purchase money mortgage.

246 Mich. App. 1, 6 (emphasis added). Plaintiff's interest is subsequent JPMC's mortgage which was granted September 21, 2007. Accordingly, even if the purchase money mortgage doctrine continues to exist, it would be inapplicable.

Finally, it is worth noting that it is less than clear that JPMC even holds a purchase money mortgage. It states throughout its brief that it does, but fails to point to any authority to support this notion. Regardless, as discussed above, it is presently irrelevant whether JPMC's mortgage occupies such status because it is *perfection* that is the issue.

## IV.

In light of the above, the June 24, 2009 hearing will be for the purpose of determining the date that JPMC perfected its mortgage.

.

Signed on June 05, 2009

_____ ___/s/ Walter Shapero_____ ____
                Walter Shapero
                United States Bankruptcy Judge